Defendant-appellant Pierre R. Taylor appeals his conviction and sentence on one count of robbery entered by the Stark County Court of Common Pleas following a jury's verdict of guilty. The State of Ohio is plaintiff-appellee.
 STATEMENT OF FACTS AND THE CASE
On April 24, 1998, Antonio L. Blackshear, an employee of Value City Department Store assigned to the Loss Prevention Department, observed appellant through a security camera monitor take a pair of shoes out of their box and place them down the back of his pants. Appellant then positioned his jean jacket over his pants, looked in the mirror at his profile, and proceeded to walk to the front of the store. Appellant walked passed the registers, but was stopped by Blackshear before he was able to exit the store.
After identifying himself as security, Blackshear requested appellant come back into the store. Appellant repeatedly pushed Blackshear away causing Blackshear to sustain scratches on his chest and arms. Blackshear then grabbed appellant's jean jacket and a struggle ensued. With the aid of another Value City employee, Mr. Haverdick, appellant was eventually escorted to the loss prevention office. The Sheriff's Department was called to the store and appellant was charged with robbery.
Appellant pled not guilty to the charge and a jury trial was conducted. The jury returned a verdict of guilty. Appellant was convicted and sentenced via Judgment Entry filed July 24, 1998. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED IN ITS FAILURE TO CLEARLY PRESERVE THE RECORD FOR REVIEW OF A WITNESS' PRIOR STATEMENTS IN VIOLATION OF CRIM. R. 16(B)(1)(g) AND THE DUE PROCESS CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS.
At the close of the direct examination of both Blackshear and Haverdick, appellant requested the trial court conduct anin camera inspection of the witnesses' prior statements. The trial court complied and stated it found no inconsistencies between the witnesses' prior statements and their trial testimony. Neither appellant's counsel, the prosecutor, nor the trial court entered the prior statements into the record.
Crim. R. 16(B) provides, in pertinent part:
 Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of the witness and the prior statement. If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in the cross-examination of the witness as to the inconsistencies. If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon. Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal.
Appellant contends ". . . the trial court's refusal to review and to let both trial counsel review the State's witnesses' statements for inconsistencies was a clear cut abuse of discretion." (Appellant's Brief at 5). We find the record is inapposite.
The record reveals the trial court upon timely request by appellant conducted an in camera inspection of both Blackshear's and Haverdick's prior statements in the presence of appellant's counsel and the prosecutor. Despite the fact the trial court determined inconsistencies did not exist, and although not required to do so by the rule, the trial court provided appellant's counsel with the statements. Tr. at 117-118, 145. The rule requires the statement be preserved in the record only when the defense attorney is not given the entire statement. Accordingly, we find no violation of the Crim. R. 16(B) or the mandates set forth in State v. Daniels
(1982), 1 Ohio St.3d 69, occurred as a result of the manner in which the trial court handled the in camera inspection.
Because appellant's counsel did not challenge or object to the trial court's determination no inconsistencies existed after being given the opportunity to review the prior statements, we must presume none existed. In the absence of an objection, any error in the trial court's handling of thein camera inspection is waived. Further, in the absence of a request by appellant's counsel to either enter the prior statements as exhibits or otherwise request they be preserved for the record, we find no error on the part of the trial court for failing to do so sua sponte under the proceedings as they occurred in the case sub judice.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES